KIMBALL, C.J.,
dissents with reasons.
hi dissent because the Legislature did not define the party from whom the smokeless tobacco tax will be collected. The Legislature clearly intended to impose a tax upon the “sale, use, consumption, handling, or distribution” of smokeless tobacco under La. R.S. 47:841. As the majority notes, La. R.S. 47:854 requires the *487 smoking tobacco tax be collected from the “dealer who first sells, uses, consumes, handles or distributes [smoking tobacco] in the State of Louisiana.” The failure to amend Section 854 to define the dealer who pays the smokeless tobacco tax may have been a mistake by the Legislature. However, this Court should not assume the Legislature intended to collect the smokeless tobacco tax from the same dealer described in Section 854 merely because it would be logical to collect both the smoking and smokeless tobacco taxes in the same manner. Because the smokeless tobacco tax is based on the invoice price, the Legislature could have intended to collect the tax from the tobacco dealer or from the manufacturer, jobber, or other person who invoiced the dealer. See La. R.S. 47:842(12) (defining “invoice price”). Thus, the Legislature must define the taxpayer before collecting the tax.
For these reasons, I respectfully dissent.